■      In the Matter of PERMAN REALTY CORP., Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— In a proceeding to review a determination of the State Rent Administrator, which denied an application for an order of decontrol, the Administrator appeals from an order of the Special Term annulling the determination and directing the issuance of an order of decontrol. Order of the Special Term reversed, with $10 costs and disbursements, and determination of the State Rent Administrator reinstated and confirmed. The Administrator refused to issue an order of decontrol on an eight-apartment building which had been converted from a two-family house at a cost of $15,500. The Administrator held that each self-contained unit should include, among other facilities, a private bathroom, and that each bathroom should contain a wash basin. The bathrooms in the apartments in this reconverted house did not contain wash basins, and consequently the Administrator denied the application for decontrol. The Special Term held this action to be arbitrary and capricious. Paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) directs decontrol in a situation such as this provided such conversion "has resulted in additional housing accommodations consisting of self-contained family units as defined by regulations issued by the commission". Section 11 of the State Rent and Eviction Regulations contains the following provision: "The term 'self-contained family unit' shall mean a housing accommodation with private access, containing one or more rooms in addition to a kitchen (including kitchenette or pullman kitchen) and a private bathroom." The Administrator has ruled that a private bathroom must contain a wash basin. Such ruling is neither arbitrary nor capricious but is based on the common-sense premise that one cannot be expected, in this modern era, to use a kitchen sink or a shower booth or stall in performing all of his necessary ablutions. It should be noted that the bathrooms involved contain showers but no bathtubs. The court may not substitute its judgment for that of the Administrator in matters of this kind and interpret the State Rent and Eviction Regulations unless the Administrator has acted in an arbitrary, capricious, unreasonable or illegal manner. This is a well-established rule and hence the order annulling the Administrator's determination must be reversed (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104). Nolan, P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to affirm the order, with the following memorandum: The Administrator is authorized by the statute to define by regulation the term "self-contained family units". He has done so by requiring a housing accommodation to include a "private bathroom". In my opinion, the Administrator's determination that the term "private bathroom" includes equipment not required by any statute governing dwellings of this type is arbitrary.